■ EVELYN SLATER, Appellant, v. GLADYS ROSE, Respondent. KENNETH SLATER, Appellant, v. GLADYS ROSE, Respondent.— Plaintiffs appeal from a judgment of the Supreme Court entered in Ulster County, upon a jury verdict of no cause of action in an automobile negligence case. Plaintiff Evelyn Slater, who will be referred to as plaintiff, was injured when she came in contact with defendant's automobile, which was being operated by defendant's son. The other action is the husband's derivative action. Water Street in Newburgh, N. Y., runs north and south. Plaintiff and a woman companion started to cross Water Street from east to west at a point near where Carpenter Street joins Water Street from the east. Two short blocks to the north a traffic officer had stopped the movement of traffic on Water Street. The standing north-bound traffic extended farther south than the point where plaintiff was crossing. She walked in front of a standing bus which was four or five feet behind a car parked ahead of it, and she and her companion stopped immediately in front of the bus near its left side and almost in front of the bus driver. Defendant's car was proceeding south and had been stopped by the same traffic officer. Plaintiff's version is that as she and her companion were part way across the west lane of Water Street, defendant's car approached at a rapid rate of speed and that as she attempted to jump back she was struck by the left end of the bumper of defendant's car. The version of the driver of defendant's car is that he was proceeding in second gear at the time at approximately 10 miles per hour, and that when the car was almost directly opposite the front end of the standing bus, plaintiff suddenly moved forward into the side of the car. A passenger in defendant's car corroborates the driver. The bus driver, who was unacquainted with any of the parties, also corroborated the defendant's theory. The whole thing happened immediately

in front of him when he was standing still and had a clear view of what happened. He testified that defendant's car was approaching slowly, and that the two women were then standing immediately in front of his bus; that plaintiff suddenly moved forward without her companion, and came in contact with the side of defendant's car, which stopped within a half a car length. Appellants' only contention is that the verdict was against the weight of evidence. We think that the record discloses a clear and open question of fact which was fairly submitted to the jury, and that the verdict may not be said to be contrary to the weight of the evidence. Judgment affirmed, with costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.